United States District Court
Southern District of Texas
**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS FLORES VILLEGAS, | § | |
| A #240-710-499, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05428 |
| | § | |
| RAYMOND THOMPSON, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER FOR AN EXPEDITED ANSWER

The petitioner, Jesus Flores Villegas, is a detainee in the custody of United States

Department of Homeland Security, Immigration and Customs Enforcement ("ICE")

officials at the Joe Corley Processing Center in Conroe, Texas. Through counsel, he filed

a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by

federal officials without a bond hearing under 8 U.S.C. § 1226(a). Doc. No. 1.

---

[1] Petitioner has named other respondents in addition to Warden Thompson. However, as Petitioner's immediate custodian, Warden Raymond Thompson is the proper respondent in this habeas case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). The Clerk shall correct the style of this case to name Warden Thompson as Respondent.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] requires the Court promptly to examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and concluding that some of the allegations regarding a bond hearing under 8 U.S.C. § 1226(a) require an expedited answer,[3] the Court **ORDERS** that Respondent file an Answer, as follows:

1.    The Clerk must deliver copies of the petition, (Doc. No. 1) and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail return receipt requested, to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.    The Clerk must also serve copies of the petition, (Doc. No. 1) and this Order by certified mail on: (1) Pamela Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Warden Raymond Thompson, Joe Corley Processing Center, 500 Hilbig Rd., Conroe, Texas 77301.

3.    Warden Thompson must file an answer or other appropriate responsive pleading within **fourteen (14) days** after the date of service and must forward a copy to the petitioner's counsel. He is advised that under Federal Rule of Civil Procedure 12(d), if

---

[2] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[3] *See* 28 U.S.C. § 2243 (providing that an answer to show cause should be "returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4.　　In addition to any defense, in law or fact, to a claim for relief by Petitioner, Warden Thompson's answer must contain: (a) a statement of the authority by which Petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether Petitioner has exhausted all available administrative remedies.

5.　　Whether Warden Thompson elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Petitioner must file any response within **twenty (20) days** after the date Petitioner is served with a copy of Respondent's submission. Under the Court's local rules, Petitioner's failure to respond will be considered a representation that Petitioner does not oppose any motion that may have been filed. *See* S.D. Tex. L.R. 7.4. If Petitioner fails to respond on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.　　Respondent must notify Petitioner's counsel and the Court of any anticipated or planned transfer of Flores Villegas outside of the Houston Division of the Southern District of Texas, or of any planned removal of him from the United States, **at least five (5) days before** any such transfer or removal.

The Clerk of Court will provide a copy of this Order to the parties.

SIGNED this ___ 20th ___ day of November 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE